```
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
```

ANDREW L. MILLER, ESQ.
LAW OFFICE OF ANDREW L. MILLER
1550 New Road, Suite A
Northfield, NJ 08225
(609) 645-1599(p)
(609) 645-7554(f)
andrewmiller@almlaw.com

In Re:

MICHAEL A. MERLINO

Case No.: **14-23494**
Chapter: 7
Hearing Date: April 26, 2022
Judge: ABA

## CERTIFICATION OF COUNSEL

I, ANDREW L. MILLER, ESQ., Counsel for the Debtor, Michael a. Merlino in the within Motion to Reopen, submit this Certification in support of the Motion to Reopen.

1. I submit this motion to request that the Court reopen Debtor's bankruptcy case in order to add an omitted judgment creditor who was previously unknown at the time of the initial Chapter 7 filing. Once the case has been reopened, Debtor will move to avoid the judgment lien under 11 U.S.C. 522(f).

2. Debtor's Chapter 7 bankruptcy petition was filed on June 30, 2014.

3. Debtor's attorney was Leonard R. Wizmur who has since retired

4. Debtor received an Order Discharging Debtor on September 26, 2014.

5. Debtor's case was closed on October 02, 2014.

6. On March 11, 2022, a judgement search was completed by Debtor which revealed a judgement creditor that Debtor did not know existed and therefore, the creditor was not listed in Debtor's Chapter 7 case. The matter of Grant M. Furnas, Jr, d/b/a Promark Services, DJ #: 047601-13 was also not listed in Debtor's Statement of Financial Affairs. Had the debtor known of the docketed judgment, the creditor would have been listed and Debtor would have moved to vacate the judgment via his bankruptcy (11 U.S.C. 522(f)) or, through the civil courts (N.J.S.A. 2A:16-49.1). Since the creditor was not listed, Debtor is unable to avoid the lien under N.J.S.A. 2A:16-49.1.

7. The docketed judgment (docketed on 03/11/2013) remains and continues to encumber debtor's estate as a result of the error of omission of the debt in Schedule "F" of Debtor's bankruptcy petition.

8. The Court Rules allow for Debtor to file a motion to reopen his Chapter 13 case so that the omitted debt can be added. The rules also allow for a Debtor to avoid a judgment lien during the course of a bankruptcy. Had the debt which is the subject of this motion not been a docketed judgement, debtor would not have been required to file the within motion to reopen his case since this was a no-asset case, there was not a creditor disbursement, and the omitted creditor was not prevented from filing a proof of claim. Under, respectively, 11 U.S.C. § 523(a)(3)(A) and § 523(a)(3)(B), a debt owed a creditor who was unaware of the case escapes discharge if it was not scheduled or listed in time to permit the creditor to make timely filing of a proof of claim, or timely filing under 11 U.S.C. § 523(c) of a complaint objecting to the dischargeability of the debt. The debt in question was nothing more than a service to the debtor and was therefore a dischargeable debt as defined by the Code. Accordingly, the time for the filing of a proof of claim never expired, and the debt did not become nondischargeable under § 523(a)(3)(A). Accordingly, in a no-asset case, reopening the case to schedule a debt adds nothing to the issue of whether the debt is dischargeable. See In re Nielsen, 383 F.3d 922, 925 (9th Cir. 2004) (adopting reasoning of concurring opinion in In re Beezley, 994 F.2d 1433, 1434-1441 (9th Cir. 1993)); In re Hunter, 116 B.R. 3, 5 (Bankr. D.D.C. 1990) ("reopening the case merely to schedule the debt is for all practical purposes a useless gesture.").

9. Once the case has been reopened and the debt has been added, debtor will simultaneously move before this Court to avoid the lien under 11 U.S.C. 522(f) and thereafter, the case to be simultaneously reclosed. Since debtor is required to provide notice of the motion(s) to the affected creditor and/or it's representative(s), the creditor will have a chance to object to its inclusion for discharge and avoidance should it deem it appropriate.

10. I certify under penalty of perjury that the above is true.

Date: April 1, 2022                          /s/ Andrew L. Miller
                                                                                Andrew L. Miller, Esq.
                                                                                Counsel for Movant Debtor in the within application